IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 2:18-cr-00285

JOSHUA STEPHEN NIDA
JORDAN BETH NIDA

MEMORANDUM OPINION AND ORDER

I.  Introduction

Pending before the court is the defendants' Joint Motion to Sever Trial [ECF No. 38]. For the following reasons, the Motion is **DENIED**.

II. Background

Defendants Jordan Beth Nida ("Ms. Nida") and Joshua Stephen Nida ("Mr. Nida") are charged in a three-count Indictment [ECF No. 1]. Count One alleges that both defendants possessed a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Count Two alleges that Mr. Nida possessed a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Three alleges that Ms. Nida possessed a firearm after having been convicted of a felony offense, in violation of the same statutory provisions. The defendants in this matter were married at the time of the offense but are now divorced.

On January 22, 2019, the defendants filed a Joint Motion to Sever Trial [ECF No. 38], contending that the trial in this matter should be severed because of concerns relating to (1) the marital communications privilege; (2) the defendants' antagonistic defenses; and (3) *Bruton v. United States*, 391 U.S. 123 (1968). The court held a motions hearing on January 28, 2019.

### III. Legal Standard

Under Federal Rule of Criminal Procedure 14, the court may grant a severance if it appears that a defendant is "prejudiced" by a joinder of offenses or of defendants. Fed. R. Crim. P. 14(a). However, the Fourth Circuit has made clear that, "[b]arring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981). There is a presumptive expectation that co-defendants will be tried together unless the joinder "deprives the defendants of a fair trial and results in a miscarriage of justice." *United States v. Becker*, 585 F.2d 703, 706 (4th Cir. 1978). The party moving for severance must demonstrate that actual prejudice would result from the joinder; a mere showing that a separate trial would offer a better chance of acquittal is insufficient. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995).

### IV. Discussion

The defendants' Motion to Sever is based primarily on concerns relating to the marital communications privilege. To this end, the Motion states: "[S]hould either party wish to exercise their constitutional right to testify in their own defense, and

2

such testimony involves a communication made during the course of their marriage, the other party could invoke the martial communications privilege, thus creating an irresolvable impasse between the rights of the parties." Defs.' Mot. Sever 2.

The marital communications privilege protects "information disclosed between husband and wife in the confidence of the marital relationship." *United States v. Hall*, 989 F.2d 711, 716 n.8 (4th Cir. 1993). This privilege is held by either spouse. *Id.* But, the Fourth Circuit has held that "where marital communications have to do with the commission of a crime in which both spouses are participants, the conversation does not fall within the marital privilege." *United States v. Broome*, 732 F.2d 363, 365 (4th Cir. 1984).

The court finds the defendants' arguments regarding the potential assertion of the marital communications privilege fail to meet the heavy burden of showing that a joint trial would be prejudicial. The Fourth Circuit has held that "speculative allegations" are insufficient to require severance. *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002). Here, neither defendant has stated whether he or she will testify. Thus, the defendants' theory "is based on a hypothetical situation in which one of the defendants in this matter testifies at trial." *United States v. Manfredi*, 628 F. Supp. 2d 608, 645 (W.D. Pa. 2009) (denying the defendants' motion for severance under the marital communications privilege); *see United States v. Yim*, No. CR11-131MJP, 2012 WL 162350, at *4 (W.D. Wash. Jan. 19, 2012) (reserving ruling on motions to sever where the defendant did not state "definitively" that she would

3

testify, "as the marital privilege issue remain[ed] only a hypothetical problem"). Moreover, even if one of the defendants was to testify at trial, the contents of such testimony have not been disclosed.[1] As such, "the court can only speculate as to the application" of the marital communications privilege or an exception thereto. *United States v. Coffman*, No. 09-CR-181-KKC, 2010 WL 4102266, at *2 (E.D. Ky. Oct. 5, 2010) (denying as premature the defendant's motion to sever, which was based on the defendant's right to assert the marital communications privilege); *see United States v. Paulin*, No. 2:11-cr-0381-JCM-GWF, 2015 WL 139388, at *4 (D. Nev. Jan. 12, 2015) (denying the defendant's motion to sever where the defendant did not provide the court "with the specific marital communications" to be introduced at trial). Ultimately, the defendants' argument is premised on a series of hypotheticals: The "irresolvable impasse" between the rights of the parties could only result *if* one of the defendants testifies at trial and *if* such testimony involves a marital communication covered by the marital communications privilege. Therefore, under this theory, the defendants have failed to meet their burden of showing that they will be unfairly prejudiced by a joint trial.

---

[1] At the motions hearing, the court asked Ms. Nida's counsel if an ex parte showing was "something [Ms. Nida's counsel] want[ed] to do." Tr. Pretrial Mots. Hr'g [ECF No. 49] 7. Counsel for Ms. Nida did not make an ex parte showing of his client's potential testimony but instead responded in open court that "Ms. Nida's position would be she didn't join the crime and that Mr. Nida made a statement to her about the crime, so that would be the showing that we expect could be made." *Id.* at 7–8. This assertion plainly lacks the specificity necessary for the court to determine the application of the marital communications privilege. Even if counsel's showing was sufficiently specific, Ms. Nida has not indicated whether she will testify. The court declines to engage in a speculative analysis about unspecified communications that may never be introduced at trial.

The defendants also state that the trial in this case should be severed because of the parties' antagonistic defenses and concerns related to *Bruton v. United States*, 391 U.S. 123 (1968).[2] At the motions hearing, counsel for Ms. Nida stated as follows:

> [T]here's also a host of sort of *Bruton* issues that I think Mr. Nida recently made a statement and it *might* be hard to redact that in a way that it is sensible to a jury with respect to Ms. Nida. If all the references to Ms. Nida were redacted, the statement would be sort of unwieldy.

Tr. Pretrial Mots. Hr'g 4 (emphasis added). The court then asked if counsel had "anything more particular." *Id.* Counsel responded that he did not "know how the Government[]" would use Mr. Nida's statement against Mr. Nida without also using the admission against Ms. Nida. *Id.* Counsel asserted further that "*if* Mr. Nida doesn't take the stand, then Ms. Nida would be denied her right to confront him about that statement." *Id.* at 4–5 (emphasis added). Later, counsel for Mr. Nida stated that a severed trial would be to his "client's advantage" and that he "would *expect*" the "theory of the co-defendant to be that [Mr. Nida is] guilty." *Id.* at 5 (emphasis added).

The court finds these arguments without merit. First, "[t]he presence of conflicting or antagonistic defenses, standing alone, has . . . been held insufficient to require severance." *United States v. Adams*, No. 3:08-CR-77, 2011 WL 13161193, at *12 (N.D. W. Va. Feb. 23, 2011). Moreover, the defendants' arguments regarding a potential *Bruton* issue are purely speculative, and, as noted above, "[s]peculative

---

[2] The Supreme Court's decision in *Bruton* established that the Confrontation Clause of the Sixth Amendment prohibits the introduction of the confession of a non-testifying codefendant that implicates the defendant in a crime. 391 U.S. at 126.

5

allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance." *Becker*, 585 F.2d at 707; *see also Najjar*, 300 F.3d at 473 (finding the defendant's speculation that there "would be evidence admitted against his co-defendants that would be inadmissible against him" too speculative to require severance). At this juncture, it is unknown whether the Government will seek to introduce Mr. Nida's statement or whether any possible *Bruton* problem could not be eliminated by effective redaction. *See United States v. Holman*, 490 F. Supp. 755, 764–65 (E.D. Pa. 1980) (holding that "it certainly seem[ed] premature to consider severing because of a speculative *Bruton* problem" that could potentially be cured by redaction).[3] Ms. Nida's counsel nearly admitted as much by stating that Mr. Nida's statement only "might" be difficult to redact. Tr. Pretrial Mots. Hr'g 4. Finally, the fact that severance may be to a defendant's advantage is inapposite—the Fourth Circuit has clearly held that the party moving for severance cannot satisfy its burden merely by showing that "a separate trial would offer[] a better chance of acquittal." *Reavis*, 48 F.3d at 767 (quoting *United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986)). Accordingly, the defendants have fallen far short of meeting their burden of showing that a joint trial would deprive the defendants of a fair trial and result in a miscarriage of justice.

---

[3] "[S]tatements that, when redacted, do not even refer to the existence of the defendant are admissible and do not require severance." *United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir. 1999). "[R]edactions are permissible" so long as they do not implicate a particular defendant. *United States v. Salad*, No. 2:11cr34, 2013 WL 12205700, at *1 (E.D. Va. June 7, 2013).

## V. Conclusion

Because the defendants have not met their burden of showing that the court should vary from the general rule that defendants indicted together should be tried together, the court **DENIES** the Joint Motion to Sever Trial [ECF No. 38]. The court **DIRECTS** the Clerk to send a copy of this Order to the defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 30, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE